TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA, SBN 255096
HANNAH M. GODBEY, SBN 334475
Deputy County Counsels
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
E-Mail: Raphael.Rajendra@cco.sccgov.org
        Hannah.Godbey@cco.sccgov.org

*Attorneys for Plaintiff*
*County of Santa Clara*

DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
DAVID LOUK, SBN 304654
STEVEN A. MILLS, SBN 328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308
E-Mail: David.Louk@sfcityatty.org
        Steven.Mills@sfcityatty.org

*Attorneys for Plaintiff*
*City and County of San Francisco*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA; CITY AND COUNTY OF SAN FRANCISCO, *et. al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-8330 <br><br> **DECLARATION OF MICHELLE WHITMAN** |

# DECLARATION OF MICHELLE WHITMAN

I, MICHELLE WHITMAN, declare:

1. I am a resident of the State of California and I am over the age of 18 years. I am competent to testify as to the matters in this declaration, and make it based on my personal knowledge, as well as my review of relevant business records.

2. I am presently employed as the Executive Director for the Sonoma County Community Development Commission. I have worked in public service serving the County of Sonoma of for over 14 years.

3. I hold Bachelor's Degree from the University of California, Berkeley and Masters of Public Administration from Villanova University.

4. The Sonoma County Community Development Commission is a public body, corporate and politic, exercising governmental functions and powers pursuant to California health and Safety Code Section 34110 et seq. The Sonoma County Community Development Commission oversees rental assistance, affordable housing and community infrastructure projects, and supports non-profit organizations that serve low-income populations in the County of Sonoma. To date, the Sonoma County Community Development Commission has assisted in the development and preservation of 3,352 affordable housing units through local, state, and federal grants and issued 532 Project-Based Vouchers from federal programs.

5. In my capacity as Executive Director, I manage and oversee all federal, state, and local grant applications, administration and compliance for the Sonoma County Community Development Commission (SCCDC). Since October 15, 1997, SCCDC on behalf of the County Sonoma has administered Federal Emergency Management Agency (FEMA) funded programs. FEMA funding is the primary federal funding mechanism supporting flood elevation programs for Sonoma County.

## Background

6. The SCCDC implements the County of Sonoma Flood Elevation Program (Program). The Program was created by the SCCDC and County of Sonoma in response to the widespread riverine flooding caused by the winter storms of 1986, 1995 and 1997. County of Sonoma is a

1

participant in the National Flood Insurance Program (NFIP) and Community Rating System and may be one of the largest repetitive loss communities in the nation with over 800 severe repetitive loss properties, located primarily along the Russian River Corridor.

### SCCDC DHS/FEMA Grant Funding

7.   SCCDC applies for Hazard Mitigation Grant Program (HMGP) and Flood Mitigation Assistance (FMA) funding on behalf of Sonoma County directly to California Office of Emergency Services (CalOES) who acts as a pass through for the Federal funding. Once awarded, the County of Sonoma becomes the Subrecipient of the Federal grant funding that is administered by the SCCDC. Currently the County of Sonoma has two awards, one FMA award with a total approved project cost of $984,224.33 with the Federal Share $916,171.13 and the local share $65,053.20 and one HMGP award with a total approved project cost of $1,899,093.00 with a Federal share of $1,424,319.75 and a local share of $474,773.25. Individual owners of included properties pay for the local share of these projects. Currently one FMA / Swift Current Subapplication submitted by SCCDC in April of 2024 is being reviewed by FEMA with anticipated approval in the very near future. If approved, this will provide $2,790,340.00 in Federal funding, with all homes included in this Subapplication being Severe Repetitive Loss Properties, the Federal funding pays for 100% of project costs. SCCDC receives a project management fee of 15% of total project costs from the grant award amounts above. This project management fee pays 100% of all CDC direct and indirect staff time for construction management for each individual structure elevation project, as well as an agency wide-spread and vehicle use, separate subrecipient management cost grants are awarded to pay for 100% of grant management, these are the sole sources of income for this Program.

8.   The Program utilizes Federal Hazard Mitigation Assistance funding including Flood Mitigation Assistance (FMA) and Hazard Mitigation Grant Program (HMGP) funding to pay to elevate flood prone residential homes located in the Special Flood Hazard Area providing service to individual homeowners and families by protecting their health, homes and belongings from the riverine flood hazard. SCCDC is currently managing two grants; DR4434-PJ0018-08R is an HMGP grant/project that includes six residential structures with a total approved project cost of $1,899,093.00 with a Federal share of $1,424,319.75 and a local share of $474,773.25. The other is

1  an FMA grant/project FMA20-AP01571 that includes three residential structures with a total
2  approved project cost of $984,224.33 with the Federal Share $916,171.13 and the local share
3  $65,053.20. the grants are reimbursement grants. Staff prepares and submits quarterly reports to
4  report project progress and reimbursement requests as work progresses during the performance
5  period of the grant.

### Irreparable Harm From the Potential Loss of FEMA Funding

7  9.  The new DHS conditions challenged in this lawsuit, if imposed on SCCDC's grants,
8  would force SCCDC on behalf of the County of Sonoma to accept those conditions or lose access to
9  $5,130,830.88 in DHS/FEMA funding. Losing access to the HMGP and FMA funds would leave
10 multiple homes and occupants unprotected from the imminent threat of damage, destruction, injury
11 or death, caused by the flood hazard. Leaving the homes vulnerable to the flood hazard would place
12 a greater draw on local, state and national guard emergency service resources during all future flood
13 events, increasing the costs of those services and the adding to the dangerous workload of "boots on
14 the ground" emergency service workers increasing the risk of injury or death to those public
15 servants. Loss of access to those funds would leave the SCCDC with a shortfall in paying for staff
16 payroll and agency costs already realized but not yet reimbursed for early project management and
17 preaward costs associated with Subapplication preparation and project management. Leaving the
18 homes included in these projects unprotected, will result in the NFIP realizing millions of dollars in
19 losses in repeated insurance claims for flood damage to insured homes over the coming years.
20     If funds awarded under the active grants DR4434-0018-08R and FMA20-AP01571 were lost,
21 the SCCDC, County of Sonoma and/or homeowners would be required to pay the federal share
22 amount for the work completed. This would cause significant financial hardship as the homeowners
23 do not have the financial capacity to absorb those costs, and there is no other identified fund source
24 to pay those costs. Additionally, if any of the nine homes included in the grants any unable to
25 complete structure elevation would not have the flood hazard mitigated leaving the homes and
26 occupants vulnerable to the next riverine flood disaster causing destruction of homes, personal
27 property, injury or death. Additionally, if awarded funds were lost the cost of payroll, vehicle use
28 and agency wide spread covered by the grant funding would be in shortfall and need of being paid

out of other eligible funds, requiring budget revisions and subsequent shortfalls in other funding sources impacting other programs and populations served by those programs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 09/30/2025 at Santa Rosa, California.

*Michelle Whitman* (signature)
Michelle Whitman