TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA, SBN 255096
HANNAH M. GODBEY, SBN 334475
Deputy County Counsels
70 W. Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
E-Mail:    Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

*Attorneys for Plaintiff*
*County of Santa Clara*

DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
DAVID S. LOUK, SBN 304654
STEVEN A. MILLS, SBN 328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3308
E-Mail:    David.Louk@sfcityatty.org
           Steven.Mills@sfcityatty.org

*Attorneys for Plaintiff*
*City and County of San Francisco*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA; CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-08330-EJD<br><br>**DECLARATION OF DAVID S. LOUK IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN TIME AND ESTABLISH EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  November 20, 2025<br>Time:          9:00 a.m.<br>Before:        Hon. Edward J. Davila<br>Place:         U.S. District Court<br>               San Jose Courthouse<br>               280 South 1st Street<br>               Courtroom 4—5th Floor<br>               San Jose, CA 95113<br><br>Trial Date:    None set |

I, David S. Louk, declare and state the following:

1. I am an attorney and a member of the Bar of this Court. I am a Deputy City Attorney with the San Francisco City Attorney's Office, and an attorney of record for Plaintiff City and County of San Francisco in the above-captioned action. I entered my appearance in this case on October 1, 2025. ECF No. 9. I make this declaration in support of Plaintiffs' Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule for Plaintiffs' Motion for Preliminary Injunction ("Motion to Shorten Time"). I know the facts herein stated of my own personal knowledge. If called on to do so, I could and would testify to the matters stated here.

2. **Nature of Underlying Dispute**: Plaintiffs are concurrently filing a Motion for Preliminary Injunction that seeks an Order from this Court enjoining Defendants from imposing or enforcing a set of delineated conditions and requirements on Plaintiffs' emergency management and disaster preparedness grant awards. Specifically, Plaintiffs oppose Defendants' attempt to require grantees and subgrantees to agree to and certify compliance with the Trump Administration's ill-defined and legally incorrect recasting of federal anti-discrimination and civil rights laws and agree in advance to comply with all executive orders related to grants the President has issued *and* might issue in the future to advance his political agenda.

3. **Reasons for Requested Time Modification and Substantial Harm or Prejudice That Would Occur Without the Requested Time Modification**: Defendants' actions have placed Plaintiffs in the untenable position of being forced to either accept conditions and requirements that are unconstitutional and contrary to law, and in the process abandon deeply held values and existing laws and policies, or lose hundreds of millions of dollars in federal grant funding used to keep their residents and communities safe and ensure continuity of government during emergency events and disasters, all during a time when Plaintiffs are already operating under severe financial strain.

4. The risk of substantial harm and prejudice to Plaintiffs is not remote—Plaintiffs must decide as early as 3:47 p.m. Pacific Time on October 24, 2025, whether to agree to Defendants' unlawful conditions or forfeit federal funding they rely on to prevent and respond to serious threats to public safety, including wildfires, earthquakes, floods, severe weather events, infectious disease,

invasive agricultural pests, mass shootings, acts of terrorism, threats of physical violence at large-scale special events such as the Super Bowl, and other emergencies and disasters.

5. Under the schedule established by this Court's Local Rules for preliminary injunction motions, Plaintiffs' Motion for Preliminary Injunction will be heard no earlier than November 5, 2025, because that date is 35 days after Plaintiffs filed the Motion for Preliminary Injunction. *See* N.D. Cal. Civ. L.R. 7-2(a); N.D. Cal. Civ. L.R. 65-2. Additionally, the Court informed Plaintiffs today, October 1, 2025, that the earliest available hearing date on the Court's calendar is November 20, 2025. These dates post-date the October 24, 2025, deadline upon which Plaintiffs must begin making the Hobson's choice described above. This timing mismatch is why the default schedule under Local Rule 7-2(a) is inadequate to protect Plaintiffs' cognizable interests, and also why Plaintiffs would be prejudiced and suffer substantial harm if this Court does not change the schedule for briefing and a hearing on Plaintiffs' Motion for Preliminary Injunction.

6. **Efforts to Obtain Stipulation**: On the evening of September 30, 2025, counsel for Plaintiffs emailed counsel for Defendants to the case to which Plaintiffs seek to relate this case, *City and County of San Francisco v. Trump* (N.D. Cal., Case No. 3:25-cv-01350-WHO), seeking a stipulation on Plaintiffs' motion to relate. Counsel for Defendants in that case responded that "[d]ue to the Government lapse in funding, absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances," and so they would be "unable to review your request and/or provide our position on your motion to relate."

7. On the morning of October 1, 2025, counsel for Plaintiffs emailed counsel for Defendants to request their position on the Motion to Shorten Time and the proposed schedule. As of the time of this filing, Defendants have not responded. Counsel for Plaintiffs do not expect an immediately forthcoming response due to the aforementioned Government lapse in funding. This understanding was also confirmed by the Court's Courtroom Deputy, Chere Robinson, who informed counsel for Plaintiffs that she received auto responses from counsel for Defendants "indicating they are not permitted to work because of the current government funding matters."

8. **Previous Time Modifications**: No time modifications have previously been made in this case, either by stipulation or Court order.

9. **Effect of Requested Time Modification on Schedule**: If granted, the time modification Plaintiffs' request would accelerate consideration and disposition of Plaintiffs' Motion for Preliminary Injunction; but, to the best of Plaintiffs' understanding, the time modifications would have no effect on any other aspect of the schedule already set for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed in San Francisco, California, on October 1, 2025.

*/s/ David S. Louk*
DAVID S. LOUK