TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA, SBN 255096
HANNAH M. GODBEY, SBN 334475
Deputy County Counsels
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
E-Mail: Raphael.Rajendra@cco.sccgov.org
        Hannah.Godbey@cco.sccgov.org

*Attorneys for Plaintiff*
*County of Santa Clara*

DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
DAVID S. LOUK, SBN 304654
STEVEN A. MILLS, SBN 328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308
E-Mail: David.Louk@sfcityatty.org
        Steven.Mills@sfcityatty.org

*Attorneys for Plaintiff*
*City and County of San Francisco*

*[additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COUNTY OF SANTA CLARA, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>KRISTI NOEM., *et al.*,<br><br>                    Defendants. | Case No. 25-cv-08330-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   January 20, 2026<br>Time:           2:00 pm<br>Judge:          Hon. William H. Orrick<br>Place:          Zoom Webinar<br><br>Date Filed:     September 30, 2025<br>Trial Date:     Not Set |

Plaintiffs[1] and Defendants[2] respectfully submit this Joint Case Management Statement pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, this Court's Standing Order entitled "Judge Orrick's Standing Order for Civil Cases," and Civil Local Rule 16-9. Counsel for the parties met and conferred on the case schedule in December 2025, and on other matters addressed herein on January 5, January 7, and January 12, 2026.

1. **Jurisdiction and Service**

Plaintiffs: Plaintiffs' claims arise under the laws and the Constitution of the United States. Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. section 1331. This Court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202 *et seq*. In accordance with this Court's Order Granting Preliminary Injunction, the Tucker Act does not divest this Court of jurisdiction. Dkt. No. 74 at pp. 47-48. Plaintiffs have standing with regard to all of the grant programs at issue in this case. Dkt. No. 74 at pp. 42-44. All named defendants have been served, and there are no issues regarding personal jurisdiction or venue.

---

[1] Plaintiffs are the County of Santa Clara ("Santa Clara"), City and County of San Francisco ("San Francisco"), City of Alameda ("Alameda"), City of Bellingham ("Bellingham"), City of Berkeley ("Berkeley"), City of Culver City ("Culver City"), City of Los Angeles ("Los Angeles"), County of Los Angeles ("Los Angeles County"), Los Angeles County Consolidated Fire Protection District ("LA County CFPD"), Martin Luther King, Jr. County ("King County"), County of Marin ("Marin County"), City of Oakland ("Oakland"), City of Palo Alto ("Palo Alto"), City of Pasadena ("Pasadena"), City of Petaluma ("Petaluma"), Pierce County, City of Sacramento ("Sacramento"), City of San Diego ("San Diego"), County of San Diego ("San Diego County"), City of San José ("San José"), County of San Mateo ("San Mateo County"), City of Santa Monica ("Santa Monica"), City of Santa Rosa ("Santa Rosa"), Snohomish County, County of Sonoma ("Sonoma County"), Sonoma County Community Development Commission ("SCCDC"), Sonoma County Water Agency ("Sonoma Water"), Sonoma Valley County Sanitation District ("SVCSD"), and the City of Tucson ("Tucson").

[2] Defendants are Kristi Noem ("Noem"), in her official capacity as Secretary of Homeland Security; the United States Department of Homeland Security ("DHS"); Karen Evans ("Evans"), in her official capacity as Senior Official Performing the Duties of FEMA Administrator; and the Federal Emergency Management Agency ("FEMA"). Pursuant to Federal Rule of Civil Procedure 25(d), Evans is automatically substituted for her predecessor, David R. Richardson.

Defendants:  The Court lacks subject matter jurisdiction over certain claims raised in these cases because the claims belong in the Court of Federal Claims, are nonjusticiable, and Plaintiffs do not have standing to sue.

**2. Facts**

Plaintiffs' Statement

Plaintiffs challenge unlawful conditions that DHS and FEMA have imposed on critical disaster preparedness funding.

Plaintiffs in this case are cities, counties, and other local governmental entities collectively responsible for the safety and well-being of tens of millions of residents. To carry out that responsibility, Plaintiffs must prepare for and respond to potential disasters and emergencies, from wildfires, earthquakes, floods, severe weather events, infectious diseases, and invasive agricultural pests, to mass shootings, acts of terrorism, or threats of physical attacks.

Each year, Congress appropriates billions of dollars for DHS, and primarily FEMA, to distribute as grants to state and local governments to support such disaster preparedness, mitigation, and recovery efforts. Plaintiffs rely on these federal grants to support their emergency-management functions. Plaintiffs variously receive this grant funding directly, by executing grant agreements with FEMA or other components of DHS, and indirectly, as subgrantees of the states or other entities.

In 2025, DHS revised the standard terms and conditions applicable to Fiscal Year 2025 grants and certain funding under certain grants awarded in Fiscal Year 2024 (the "Standard DHS Terms"). The revisions attempt to implement the current Administration's policy agenda, including directives set forth in President Trump's Executive Orders. Specifically, the Standard DHS Terms purport to impose the following conditions on grantees and subrecipients:

A) Agree to and certify compliance with an interpretation of antidiscrimination law that is contrary to statutory and decisional law (the "Discrimination Condition"). Dkt. No. 20-1, Section C.XVII, excepting Subsection C.XVII(2)(a)(iii).

B) Agree in advance to comply with all executive orders the President has issued and might in the future issue that are related to grants (the "EO Condition"). Dkt. No. 20-1, Section C.XXXI.

C) Agree to use their limited resources to cooperate with Immigration and Customs Enforcement (ICE) and other federal immigration enforcement activities and certify that use (the "Immigration Conditions"). Dkt. No. 20-1, Section C.IX and Subsection C.XVII(2)(a)(iii)).[3] For a subset of grant programs, the Standard DHS Terms also include a "Sanctuary Certification Condition" that imposes terms materially similar to the Immigration Conditions. *E.g.*, Dkt. No. 19-4, Article 57.

Plaintiffs also seek limited additional relief concerning several longstanding provisions in the Standard DHS Terms mandating compliance with specified civil rights and antidiscrimination laws (the "Civil Rights Conditions"), specifically, to enjoin Defendants from applying any interpretation of those conditions as requiring anything other than compliance with the relevant statutes as they have been enacted by Congress and interpreted by the judiciary. Dkt. No. 20-1, Sections C.III, C.XIV, C.VII, C.VIII, C.XIV, C.XXIV, C.XXXIII.

FEMA also publishes the FEMA Preparedness Grants Manual, FM-207-23-001 (the "Grants Manual"), which binds grantees and subrecipients. Provisions in the Grants Manual facilitate Defendants' enforcement of the challenged conditions by requiring the disclosure of information that could lead FEMA to identify potential violations (the "Challenged Grants Manual Disclosure Requirements"). Dkt. No. 20-3, § 6.11.3. With respect to grant programs to which the

---

[3] Plaintiffs' Complaint details Defendants' unlawful attempt to force Plaintiffs to comply with the Immigration Conditions and Sanctuary Certification Condition. Dkt. No. 1 ¶¶ 169-170, 172, 183-190. Plaintiffs did not move for relief from these conditions in their Motion for Preliminary Injunction, Dkt. No. 19, because the conditions were already vacated as arbitrary and capricious in *Illinois v. FEMA*, No. 25-206 WES, 2025 WL 2716277 (D.R.I. Sept. 24, 2025). In addition, as to some Plaintiffs in this case, this Court has prohibited Defendants from applying the civil immigration conditions to DHS grants because doing so would violate the court's preliminary injunction in *City & County of San Francisco v. Trump*, No. 25-cv-01350-WHO, 2025 WL 1738675, at *1-3 (N.D. Cal. June 23, 2025), *appeal argued*, No. 25-3889 (9th Cir. Dec. 5, 2025).

Grants Manual is not directly applicable, Defendants have imposed requirements materially similar to the Challenged Grants Manual Disclosure Requirements. *E.g.*, Dkt. No. 70-1 at p. 29.

Plaintiffs face severe and irreparable harms from Defendants' actions, including but not limited to their imposition of the Discrimination Condition, EO Condition, and Immigration Conditions. Should Plaintiffs be required to agree to the Defendants' unlawful terms and requirements, Plaintiffs would suffer the constitutional injury of being forced to comply with unconstitutional conditions. Should Plaintiffs refuse to agree to the unlawful terms and conditions, the loss of the funds would also result in immediate, irreparable, and reverberating harms—including by upending budgets, forcing the sacrifice of critical public safety upgrades that will protect the community and first responders, and risking diminished community trust due to hampered community protection efforts.

Defendants' Statement

Plaintiffs' statement contains several legal arguments when the facts are simple: the Department of Homeland Security revised its standard terms and conditions for all new federal awards of financial assistance for which the federal award date occurs in FY 2025 and flows down to subrecipients. *See* U.S. Dep't of Homeland Sec, FY 2025 DHS Standard Terms and Conditions Version 3 (Apr. 18, 2025), ECF No. 1-1, ("Standard Conditions").[4] Plaintiffs challenge the implementation of three categories of conditions in grants provided to them under various grant programs administered by the Federal Emergency Management Agency ("FEMA"),[5] a component of the Department of Homeland Security ("DHS"): (1) a condition that says, "Recipients must comply with all applicable Federal anti-discrimination laws," including by not "operat[ing] any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination law" or "engag[ing] in . . . a discriminatory prohibited boycott," *id.*

---

[4] https://www.dhs.gov/sites/default/files/2025-08/2025_0418_fy2025_dhs_terms_and_conditions_version_3.pdf (last visited Jan. 9, 2026).
[5] As stated in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 66 at 20 n.7, FEMA does not administer the Securing the Cities Grant Program.

§ C.XVII(2)(a)(i)-(ii) (the "Anti-Discrimination Condition"); (2) a condition that says, "Recipients must comply with the requirements of Presidential Executive Orders related to grants (also known as federal assistance and financial assistance), the full text of which are incorporated by reference," *id.* § C.XXXI (the "EO Condition"); and (3) various conditions requiring Plaintiffs to communicate and cooperate with the Department of Homeland Security and immigration officials relating to immigration enforcement (the "Immigration Conditions"). Defendants maintain that the Standard Conditions are constitutional, comply with the APA, and are appropriate to include as conditions on federal funding because they were implemented to enforce federal law, while Plaintiffs argue those conditions are unlawful.

### 3. **Legal Issues**

Plaintiffs' Statement

Plaintiffs' Complaint, Dkt. No. 1, raises the following legal issues:

A) Whether the Discrimination Condition, EO Condition, Immigration Conditions, Sanctuary Certification Condition, and the Challenged Grants Manual Disclosure Requirements violate the separation of powers as set forth in Article I, section 1 of the U.S. Constitution by exercising spending power that the U.S. Constitution vests exclusively in Congress.

B) Whether the Discrimination Condition, EO Condition, Immigration Conditions, Sanctuary Certification Condition, and the Challenged Grants Manual Disclosure Requirements violate the Spending Clause of the U.S. Constitution.

C) Whether the Discrimination Condition, EO Condition, Immigration Conditions, Sanctuary Certification Condition, and the Challenged Grants Manual Disclosure Requirements violate the Administrative Procedure Act, 5 U.S.C. § 706, as final agency actions that are arbitrary and capricious, contrary to law and the U.S. Constitution, and in excess of statutory authority.

D) Whether the U.S. Constitution and other laws authorize Defendants to apply an interpretation of the Civil Rights Conditions that requires anything other than

compliance with the statutes cited in the Civil Rights Conditions as they have been enacted by Congress and interpreted by the judiciary.

E) Whether Plaintiffs are entitled to a permanent injunction, declaratory relief, and other relief as stated in their Complaint.

Defendants' Statement

Defendants raise the following legal issues:

A) Whether this Court has jurisdiction over this case under the Tucker Act or whether this case should instead be in the Court of Federal Claims.

B) Whether Plaintiffs have standing to challenge the implementation of the Standard Conditions for grant programs where no Plaintiff has been granted an award.

C) Whether the challenged conditions—which enforce federal law and require Plaintiffs to comply with federal law—are lawful under the U.S. Constitution and the Administrative Procedure Act.

**4. Motions**

Prior Motions: The parties fully briefed Plaintiffs' Motion for Preliminary Injunction, which the Court heard on November 19, 2025. Dkt. No. 73. On November 21, 2025, the Court issued an Order Granting Preliminary Injunction restraining "Defendants and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them . . . from directly or indirectly taking any action to withhold, freeze, or condition funds from the plaintiffs based on (1) Section C.XVII of the Standard DHS Terms (the 'Discrimination Condition'); and (2) Section C.XXXI of the Standard DHS Terms (the 'EO Condition')." Dkt. No. 74 at p. 76.

Anticipated Motions: As set forth in the parties' December 12, 2025 Joint Status Report, Dkt. No. 77, the parties agree that this case can be resolved most efficiently through cross-motions for summary judgment. Per the parties' stipulated schedule, so ordered by the Court on December 16, 2025 (Dkt. No. 79), Defendants will file their administrative record on March 17, 2026, and

the parties will jointly submit a proposed schedule for summary judgment briefing by April 1, 2026.

### 5. Amendment of Pleadings

Plaintiffs filed their complaint on September 30, 2025. DHS and FEMA grant funding is the subject of litigation pending in several courts, and Defendants have continued to issue new and revised grant-related documents (including both Notices of Funding Opportunity and grant awards) during the pendency of this litigation. Accordingly, Plaintiffs reserve their right to amend their complaint under Fed. R. Civ. P. 15(a). In the event Plaintiffs file an amended complaint, the parties will meet and confer regarding the extent, if any, to which the amendment requires any modification to the schedule in this case.

### 6. Evidence Preservation

The parties have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

Defendants maintain that this case is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(1), and the parties have agreed that initial disclosures need not be exchanged at this time. If necessary, the parties will confer regarding initial disclosures and discuss the necessity and timing of such disclosures in their April 1, 2026 scheduling submission.

### 8. Discovery

No discovery has been taken to date. The parties agree that this case can be resolved most efficiently through cross-motions for summary judgment after submission of an administrative record. However, Plaintiffs reserve their right to seek discovery to supplement the administrative record, if needed, and/or to the extent this case is not resolved in its entirety at summary judgment.

Defendants believe that discovery as to the merits is inappropriate because plaintiffs' constitutional and APA claims should be reviewed on the basis of the administrative record compiled by the agencies. Fed. R. Civ. P. 26(a)(1)(B); *see, e.g.*, *San Luis & Delta-Mendota Water*

*Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) ("In general, a court reviewing agency action under the APA must limit its review to the administrative record."); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018), *aff'd,* 7 F.4th 1201 (D.C. Cir. 2021) ("[D]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the APA's bar on extra-record evidence.").

Should this case involve discovery, the parties agree to electronic service for discovery. They have not agreed to any other proposed limitations or modifications of the discovery rules and will confer further about these issues as needed.

### 9. Class Actions

This is not a class action.

### 10. Related Cases

This action is related to *City and County of San Francisco v. Trump*, No. 3:25-cv-1350-WHO (N.D. Cal.).

### 11. Relief

Plaintiffs' Complaint requests the following relief from the Court:

A) A declaration that the Discrimination Condition and the EO Condition are unconstitutional, are not authorized by statute, violate the APA, and are otherwise unlawful;

B) A declaration that Defendants' attachment or incorporation of the Discrimination Condition, the EO Condition, and the Challenged Grant Manual Disclosure Requirements to Plaintiffs' grant funding is unconstitutional, is not authorized by statute, violates the APA, and is otherwise unlawful;

C) A declaration that Defendants' attachment or incorporation of the Immigration Conditions and Sanctuary Certification Condition to Plaintiffs' grant funding under any FEMA or other DHS grant program through which any Plaintiff has applied or may apply for funding, or has received or may receive funding, whether directly or indirectly

(the "Subject Grant Programs") is unconstitutional, is not authorized by statute, violates the APA, and is otherwise unlawful;

D) An order temporarily restraining, and preliminarily and permanently enjoining, Defendants from attaching, incorporating, imposing, or enforcing:

1) the Discrimination Condition, the EO Condition, the Challenged Grant Manual Disclosure Requirements, or any materially similar terms or conditions, with respect to any applications submitted by Plaintiffs, and any funds awarded to or received by Plaintiffs, whether directly or indirectly;

2) the Immigration Conditions and Sanctuary Certification Condition, or any materially similar terms or conditions, with respect to any applications submitted by Plaintiffs, and any funds awarded to or received by Plaintiffs, whether directly or indirectly, under the Subject Grant Programs;

3) any interpretation of the Civil Rights Conditions as requiring anything other than compliance with the statutes cited in the Civil Rights Conditions as they have been enacted by Congress and interpreted by the judiciary.

E) An order pursuant to 5 U.S.C. § 705 that postpones the effective date of any action by any Defendants to adopt, issue, or enforce the Discrimination Condition, EO Condition, and Challenged Grants Manual Disclosure Requirements pending conclusion of this litigation; declares the Challenged DHS Conditions, Sanctuary Certification Condition, and Challenged Grants Manual Disclosure Requirements void and unenforceable with respect to any application, award, agreement, or other document executed by Plaintiffs that is related to the Subject Grant Programs; and declares that the Civil Rights Conditions require compliance with the statutes cited therein as those statutes have been enacted by Congress and interpreted by the judiciary.

F) An order under 5 U.S.C. § 706 holding unlawful, setting aside, and vacating all actions taken by Defendants to:

1) adopt, issue, or implement the Discrimination Condition, the EO Condition, or the Challenged Grant Manual Disclosure Requirements;

2) require, attach, incorporate, implement, or enforce the Discrimination Condition, EO Condition, or Challenged Grant Manual Disclosure Requirements with respect to any grant application, agreement or subagreement, or other document, transaction, or activity, executed by Plaintiffs, or funding received by Plaintiffs;

3) require, attach, incorporate, implement, or enforce the Immigration Conditions or the Sanctuary Certification Condition with respect to any grant application, agreement or subagreement, or other document, transaction, or activity, executed by Plaintiffs, or funding received by Plaintiffs, under the Subject Grant Programs;

4) construe the Civil Rights Conditions to require anything other than compliance with the statutes cited in the Civil Rights Conditions as they have been enacted by Congress and interpreted by the judiciary.

G) Orders preliminarily and permanently enjoining Defendants from retaliating against any Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiff's participation in this lawsuit, including but not limited to reducing the amount of a grant award to that Plaintiff or to any state agency through which Plaintiff may receive grant funding; refusing to issue, process, sign, or approve grant applications, grant agreements, or subgrant agreements; and refusing to issue, process, sign, or approve any invoice or request for payment, or reducing the amount of such approval or payment;

H) An award to Plaintiffs of their reasonable attorneys' fees, costs, and other expenses; and;

I) Any other and further relief that this Court may deem just and proper.

## 12. Settlement and ADR

At this stage, the parties agree this case is unlikely to be resolved through settlement or ADR and ask to be excused from any obligation to conduct settlement negotiations.

## 13. Other References

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

The parties will continue to meet and confer as appropriate in an attempt to narrow the issues to be decided.

## 15. Scheduling

This Court's Order Granting Stipulated Request Within the Joint Status Report Submitted by the Parties, Dkt. No. 79, establishes the following schedule for this case:

(1) The deadline for Defendants to file an administrative record for the agency actions challenged in this case is set for March 17, 2026.

(2) The parties will jointly submit a proposed schedule for summary judgment briefing by April 1, 2026.

(3) Defendants' obligation to file an answer to the complaint is stayed pending the Court's resolution of the parties' cross-motions for summary judgment, on the condition that any affirmative defenses not raised by Defendants in summary judgment briefing are waived.

## 16. Trial

The parties agree that a trial is unlikely to be necessary because this case presents issues that can be resolved by cross-motions for summary judgment. The parties agree that a bench trial would be appropriate in this case, if a trial is needed. The length of any such trial would depend on issues that remain following resolution of the parties' summary judgment motions. The parties agree this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17. Disclosure of Non-Party Interested Entities or Persons**

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The parties have no other matters to report.

DATE: January 13, 2026               Respectfully submitted,

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA, SBN 255096
HANNAH M. GODBEY, SBN 334475
Deputy County Counsels

By: */s/ Raphael N. Rajendra*
RAPHAEL N. RAJENDRA
Deputy County Counsel
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110-1770
Telephone:   (408) 299-5900
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org
*Attorneys for Plaintiff*
COUNTY OF SANTA CLARA


DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
DAVID S. LOUK, SBN 304654
STEVEN A. MILLS, SBN 328016
Deputy City Attorneys

By:  */s/ Steven Mills*
STEVEN MILLS
Deputy City Attorney

Office of the City Attorney
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
Telephone:   (415) 355-3308
David.Louk@sfcityatty.org
Steven.Mills@sfcityatty.org

*County of Santa Clara v. Noem*, 25-cv-8330-WHO:  Joint Case Management Statement
13

*Attorneys For Plaintiff*
CITY AND COUNTY OF SAN FRANCISCO


By: <u>*/s/ Sharanya Mohan*</u>
SHARANYA MOHAN (SBN 350675)
ERIN MONJU*
NAOMI TSU*
TOBY MERRILL*
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
erin@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org

* Admitted *pro hac vice*

*Attorneys for Plaintiffs* CITY OF ALAMEDA, CITY OF BELLINGHAM, CITY OF BERKELEY, CITY OF CULVER CITY, KING COUNTY, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CONSOLIDATED FIRE PROTECTION DISTRICT, COUNTY OF MARIN, CITY OF OAKLAND, CITY OF PALO ALTO, CITY OF PASADENA, CITY OF PETALUMA, PIERCE COUNTY, CITY OF SACRAMENTO, CITY OF SAN DIEGO, SAN DIEGO COUNTY, CITY OF SAN JOSE, COUNTY OF SAN MATEO, CITY OF SANTA MONICA, CITY OF SANTA ROSA, COUNTY OF SONOMA, SONOMA COUNTY WATER AGENCY, SONOMA VALLEY COUNTY SANITATION DISTRICT, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, SNOHOMISH COUNTY, CITY OF TUCSON


By: <u> */s/ Michael J. Dundas*</u>
MICHAEL J. DUNDAS (SBN 226930)
Chief Assistant City Attorney
JOSHUA M. TEMPLET (SBN 267098)
Deputy City Attorney
Office of the Los Angeles City Attorney
200 North Main Street, Room 800
Los Angeles, CA 90012
Tel: (213) 978-8100

mike.dundas@lacity.org
joshua.templet@lacity.org

*Attorneys For Plaintiff*
CITY OF LOS ANGELES

*/s/ J. Stephen Tagert*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Branch Director

CRAIG H. MISSAKIAN
United States Attorney

J. STEPHEN TAGERT
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*

\*Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document hereby attests that the other above-named signatories concur in this filing.