| | |
|---|---|
| ANDREW JANZ (SBN 287672)<br>Fresno City Attorney<br>andrew.janz@fresno.gov<br>CITY OF FRESNO<br>2600 Fresno Street<br>Fresno, CA 93721<br>Telephone: (559) 621-7500<br>Facsimile:  (559) 457-1084<br><br>*Attorney for Plaintiff*<br>CITY OF FRESNO | THOMAS FAUGHNAN (SBN 155238)<br>Chief Deputy County Counsel<br>tfaughnan@counsel.lacounty.gov<br>MICHAEL S BUENNAGEL (SBN 259000)<br>Senior Deputy County Counsel<br>mbuennagel@counsel.lacounty.gov<br>OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF LOS ANGELES<br>648 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, California 90012-2713<br>Telephone: (213) 584-1473<br>Facsimile: (213) 617-7182<br><br>*Attorneys for Plaintiff*<br>THE COUNTY OF LOS ANGELES |
| AMBER HOLDERNESS (SBN 252363)<br>Chief Assistant County Counsel<br>aholderness@countyofsb.org<br>OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF SANTA BARBARA<br>105 E. Anapamu St., Suite 201<br>Santa Barbara, CA 93101<br>Telephone: (805) 568-2950<br>Facsimile: (805) 568-2982<br><br>*Attorneys for Plaintiff*<br>COUNTY OF SANTA BARBARA | JONATHAN V. HOLTZMAN (SBN 99795)<br>jholtzman@publiclawgroup.com<br>JAMES R. ROSS (SBN 149199)<br>jross@publiclawgroup.com<br>RYAN P. McGINLEY-STEMPEL (SBN 296182)<br>rmcginleystempel@publiclawgroup.com<br>JAKE D. FREITAS (SBN 341837)<br>jfreitas@publiclawgroup.com<br>MARIBEL LOPEZ (SBN 340907)<br>mlopez@publiclawgroup.com<br>RENNE PUBLIC LAW GROUP<br>350 Sansome Street, Suite 300<br>San Francisco, California 94104<br>Telephone: (415) 848-7200<br>Facsimile:  (415) 848-7230<br><br>*Attorneys for Plaintiffs*<br>CITY OF FRESNO; CITY OF SANTA CLARA; CITY OF REDWOOD CITY; CITY OF SANTA CRUZ; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF STOCKTON; COUNTY OF SAN DIEGO; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA |

-1-

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED - Case No. 3:25-cv-08330-WHO

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA; CITY AND COUNTY OF SAN FRANCISCO; CITY OF ALAMEDA; CITY OF BELLINGHAM; CITY OF BERKELEY; CITY OF CULVER CITY; CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY CONSOLIDATED FIRE PROTECTION DISTRICT; MARTIN LUTHER KING, JR. COUNTY; COUNTY OF MARIN; CITY OF OAKLAND; CITY OF PALO ALTO; CITY OF PASADENA; CITY OF PETALUMA; PIERCE COUNTY; CITY OF SACRAMENTO; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; CITY OF SAN JOSÉ; COUNTY OF SAN MATEO; CITY OF SANTA MONICA; CITY OF SANTA ROSA; SNOHOMISH COUNTY; COUNTY OF SONOMA; SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION; SONOMA COUNTY WATER AGENCY; SONOMA VALLEY COUNTY SANITATION DISTRICT; and CITY OF TUCSON, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of FEMA Administrator; and FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> Defendants | Case No. 3:25-cv-08330-WHO <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs in the recently filed action, *City of Fresno, et al. v. Noem, et al.*, Case No. 5:26-cv-01535-BLF ("*City of Fresno v. Noem*"), respectfully request that this Court consider whether that action should be related to the above-captioned case, *County of Santa Clara et al. v. Noem et al.*, Case No. 3:25-cv-08330-WHO ("*County of Santa Clara v. Noem*"). Additionally, Plaintiffs note that *City and County of San Francisco et al v. United States Department of Justice et al.*, Case No. 3:25-cv-09277-JD ("*CCSF v. DOJ*") may also satisfy the criteria for a related case. Attached as **Exhibit A** is a true and correct copy of the Complaint filed by Plaintiffs in *City of Fresno v. Noem*. Attached as **Exhibit B** is a true and correct copy of the Complaint filed by Plaintiffs in *CCSF v. DOJ*.

Plaintiffs believe there is sufficient overlap among the parties and legal issues to require them to "promptly file in the lowest-numbered case" this administrative motion under Local Rule 3-12(b). However, Plaintiffs acknowledge that this action is broader in scope, encompassing the challenges brought in *County of Santa Clara v. Noem* and *CCSF v. DOJ*, as well as challenges to additional grant programs administered by the Department of Justice and the Department of the Interior. Thus, while there is meaningful overlap in legal theories, factual predicates, and certain defendants, the actions are not coextensive. Whether the overlap ultimately satisfies the standard for relation under Rule 3-12(a) is a determination Plaintiffs respectfully leave to the Court's determination.

Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a).

I.     **ANALYSIS**

    A.     **Actions Concerning Substantially the Same Parties, Transaction, Or Event**

*City of Fresno v. Noem*, *County of Santa Clara v. Noem*, and *CCSF v. DOJ* are each cases, among

many,[1] in which a coalition of cities and counties alleges that defendant federal agencies have imposed unlawful conditions on the federal grant funds they administer. The three cases concern several of the same defendants. *City of Fresno v. Noem* brings a broader action, challenging unlawful conditions imposed by the following defendants in a single suit: the U.S. Department of Homeland Security ("DHS"), the Federal Emergency Management Agency ("FEMA"), the U.S. Department of the Interior ("DOI"), and the U.S. Department of Justice ("DOJ"). Whereas *County of Santa Clara v. Noem* challenges only conditions imposed by DHS and FEMA, and *CCSF v. Noem* challenges conditions imposed by only DOJ and its Office of Community Oriented Policing Services.

None of the Plaintiffs in *City of Fresno v. Noem* is also a plaintiff in *CCSF v. DOJ*. The County of San Diego and the County of Los Angeles are plaintiffs in both *City of Fresno v. Noem* and *County of Santa Clara v. Noem*. However, neither county has brought claims against DHS or FEMA in *City of Fresno v. Noem*.[2]

The transactions and events at issue also overlap. The three cases challenge identical or similar conditions restricting programs that "advance or promote" DEI/DEIA and requiring boycott certifications, conditions prohibiting the "promotion" of "gender ideology," conditions mandating cooperation with federal immigration enforcement and certification of no programs benefiting "illegal immigrants," and conditions requiring compliance with present and future presidential executive orders related to grants. However, the precise wording and manner of implementation of these conditions vary

---

[1] Following the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), local governments have sought to protect their specific interests and residents by filing their own actions rather than relying on relief obtained by other jurisdictions. As a result, multiple local entities have filed similar suits advancing related legal theories. Although local public entities have endeavored to bring such challenges in a manner that conserves limited public resources, practical constraints have made universal coordination impossible. Different grant programs operate on distinct administrative timelines, and local entities often determine at different points which specific federal programs and conditions affect them. Those programmatic differences, combined with staggered awareness of potential impacts, prevent all affected public entities from joining a single action.

[2] Plaintiffs in *City of Fresno v. Noem* do not uniformly assert claims against all Defendants. The City of Fresno, City of Corvallis, City of Hillsboro, and County of Santa Barbara assert claims against all defendants. *See* Case No. 5:26-cv-01535-BLF, Dkt. 1, ¶¶ 79, 141, 155. The City of Santa Clara, City of Santa Cruz, and City of Redwood City assert claims against the DHS, FEMA, and the DOJ, but not the DOI. *See id.* ¶ 155 (defining "DOI Plaintiffs"). The County of Los Angeles and City of Stockton assert claims against the DOJ and the DOI, but not the DHS or FEMA. *See id.* ¶ 79 (defining "DHS Plaintiffs"). The County of San Diego and City of Beaverton assert claims only against the DOJ. *See id.* ¶ 141 (defining "DOJ Plaintiffs").

across the different federal programs.

Plaintiffs in *City of Fresno v. Noem* and *County of Santa Clara v. Noem* challenge the same agency action—DHS's adoption of unlawful new conditions in its "Standard Terms and Conditions." There is also overlap among the specific DHS grant programs challenged in *City of Fresno v. Noem* and *County of Santa Clara v. Noem*. Plaintiffs in both cases challenge the implementation of the unlawful conditions to the Homeland Security Grant Program, Assistance to Firefighters Grant Program, Staffing for Adequate Fire and Emergency Response Program, and the Hazard Mitigation Grant Program. However, plaintiffs' allegations in *City of Fresno v. Noem* also implicate FEMA's Flood Mitigation Assistance Program, which does not appear to be at issue in the *County of Santa Clara v. Noem* case. Additionally, there are several programs that plaintiffs in *County of Santa Clara v. Noem* rely on, which plaintiffs in *City of Fresno v. Noem* do not.

Plaintiffs in *City of Fresno v. Noem* and *CCSF v. DOJ* both challenge the unlawful conditions added to the FY2025 COPS grant NOFOs. However, plaintiffs in *City of Fresno v. Noem* challenge similar conditions added to several other grant programs administered by the DOJ, including the Edward Byrne Memorial Justice Assistance Grant (JAG) program, the Paul Coverdell Forensic Science Improvement Grant program, and several grants administered by the DOJ's Office of Victims of Crime, that are not challenged in *CCSF v. DOJ*. In addition, plaintiffs in *City of Fresno v. Noem* challenge the DOI's addition of a DEI Condition to its Office of Grants Management, General Award Terms and Conditions, which is not challenged in either *County of Santa Clara v. Noem* or *CCSF v. DOJ*.

**B.     Duplication of Labor and Expense or Conflicting Results**

Assigning these related matters to different judges would likely result in duplication of judicial labor and increased expense to the parties. The actions challenge some overlapping federal grant conditions, and as to those conditions, rely on substantially similar administrative records, program guidance, statutory authorities, and legal theories. Specifically, the challenges to DHS's "Standard Terms and Conditions," featured in *City of Fresno v. Noem* and the *County of Santa Clara v. Noem*, require review of materially identical agency documents and address similar Spending Clause and APA issues. Likewise, *City of Fresno v. Noem* and *CCSF v. DOJ* raise challenges to the same COPS FY2025 NOFO conditions that necessitate parallel analysis of the same NOFO language, record materials, and

governing statutory framework. If *City of Fresno v. Noem* proceeds before a different judge, the courts would likely confront duplicative briefing, repeated examination of identical or overlapping administrative records, and potentially overlapping preliminary injunction and merits proceedings.

However, the cases do not fully overlap. The *County of Santa Clara v. Noem* case does not address any DOJ grants, and the *CCSF v. DOJ* case does not address DHS grants. Furthermore, the *City of Fresno v. Noem* case also involves distinct DOJ programs and a DOI DEI Condition that are not challenged in either the *County of Santa Clara v. Noem* or *CCSF v. DOJ*. As to those claims, relation would yield fewer efficiencies and could introduce additional complexity to the earlier-filed cases.

## II.   CONCLUSION

There is meaningful overlap among *City of Fresno v. Noem*, *County of Santa Clara v. Noem*, and *CCSF v. DOJ* with respect to certain defendants, challenged grant conditions, legal theories, and portions of the administrative record, such that relation may promote judicial efficiency and reduce the risk of inconsistent rulings. At the same time, *City of Fresno v. Noem* challenges additional parties and programs not at issue in the other matters. Plaintiffs therefore respectfully submit this administrative motion in compliance with Civil Local Rule 3-12(b) and defer to the Court's determination whether relation is appropriate under Rule 3-12(a).

Dated: March 2, 2026

RENNE PUBLIC LAW GROUP

By: */s/ Ryan P. McGinley-Stempel*
RYAN P. McGINLEY-STEMPEL

Attorneys for Plaintiffs
City of Fresno; City of Redwood City; City of Santa Clara; City of Santa Cruz; City of Beaverton; City of Corvallis; City of Hillsboro; City of Stockton; County of San Diego; County of Los Angeles; County of Santa Barbara